# GREGORY *v.* BOSTON SAFE DEPOSIT AND TRUST COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 292. Argued April 12, 13, 1892. — Decided April 25, 1892.

Money, the proceeds of a note, was deposited to the credit of a suit in equity in a Circuit Court, in a Safe Deposit Company. G. brought another

suit in equity in the same court, against the company and P. to obtain a decree declaring him to be entitled to the money. The Circuit Court dismissed the bill on the ground that the question ought to be adjudicated in the first named suit, but did not decree that the dismissal was without prejudice to the right of G. to make his claim in that suit. This court, on appeal by G., modified the decree to that effect, but gave the costs of this court to the appellees.

THE court stated the case as follows:

In an action at law, brought in the court below, in the name of Charles F. Jones against William C. N. Swift, judgment was rendered against the latter upon a promissory note dated April 20, 1883. That judgment was satisfied by the payment into court, pursuant to an agreement between the parties, of the amount, principal and interest, due upon it — $24,926.90. Subsequently, January 10, 1887, that sum was transferred to the credit of the suit in equity in the same court of *Charles A. Gregory* v. *Frederick A. Pike et al.*, No. 2170, "to remain subject to the order of the court in that cause." On the 26th day of March, 1887, the clerk deposited $24,000 of the above sum in the Boston Safe Deposit and Trust Company, to be held by it subject to the order of the court. The balance was deposited with the Merchants' National Bank of Boston.

The present suit was brought August 6, 1887, by Gregory and Jones against the above corporations and Mary H. Pike, executrix of Frederick A. Pike, to obtain a decree declaring Gregory to be entitled to the above funds as the proceeds of the note on which the judgment against Swift was rendered. The bill makes no reference to the fact that the fund in dispute was subject to the order of the court in equity suit No. 2170.

This cause having been heard upon the pleadings and proofs, the bill of complaint was dismissed, with costs to be duly taxed. The Circuit Judge in an opinion disclosing the nature of the suit, and the facts established by the evidence, held that the decision of the question whether Mrs. Pike, as executrix, had a lien on the Swift notes or their proceeds, to the extent of $25,000, "belongs to equity suit No. 2170, where all per-

sons claiming an interest in these notes are made parties. The moneys in the possession of the defendants, the Boston Safe Deposit and Trust Company and the Merchants' National Bank, eferred to in the bill of complaint herein, are held by them subject to the orders of this court in said equity suit No. 2170, and no order relating to said moneys can properly be made in this suit, which does not include as parties some of the persons who are parties in said equity suit No. 2170. The bill in this case should be dismissed, with costs." 36 Fed. Rep. 408, 414.

*Mr. F. A. Brooks* for appellants.

The decree of absolute dismissal, if allowed to stand as against Gregory, has cut off forever his claim to the fund in court; and if allowed to stand as against Jones, it has done the same thing as to him. Although Jones's claim could not be considered by the court in passing upon the suit in equity, yet it has been cut off or barred by the decree of dismissal entered in this cause.

The court below, therefore, while proposing to reserve its decision of this case, or to turn over the parties therein to some other cause for adjudication of their claim, has in fact adjudicated adversely to both of them in this cause, and left nothing for them or either of them to litigate in any other cause. This may have been an oversight, and probably was so, but the effect is nevertheless fatal to the plaintiffs, even if not so intended.

This order was, we submit, extra-judicial, and therefore invalid and void. The money paid into court by Swift as the defendant and judgment debtor in the action at law of *Jones v. Swift* had been paid by him voluntarily after judgment and before execution, and not under or by force of the legal process of the court, and consequently the court gained thereby no power or control whatever over said fund, except as trustee or depositary thereof for the benefit of the real or beneficial plaintiff in the action at law.

In passing the order of January 10, 1887, the court below

assumed an unwarrantable authority over the fund so paid into and received by the court, as constructive trustee for the bene- fit of the plaintiff Jones or persons represented by him.

*Mr. John Lowell* and *Mr. Thomas H. Talbot* for Mary H. Pike, one of the appellees.

Mr. Justice Harlan delivered the opinion of the court.

We are of opinion that the questions attempted to be raised by the present suit should have been presented, and can be effectively determined only in equity cause No. 2170. And such we understand to have been the opinion of the Circuit Judge. But the decree below is, in form, one upon the merits, and might perhaps be pleaded in bar of any claim that Gregory, or Gregory and Jones, might assert in suit No. 2170 to the funds in question. Without passing upon any of the questions raised by the pleadings in this case, we hold that the decree should have been without prejudice to any right he or they may have to make such claim in that suit, if they be so advised.

*It is, therefore, ordered and adjudged that the decree below be, and the same is hereby, so modified, that the dismissal of the bill of complaint is without prejudice to any claim the plaintiffs or either of them may rightfully assert in equity suit No. 2170, in the court below, to the proceeds of the judgment against Swift. The costs of this court are adjudged to the appellees.*