### LEVANDOWSKI *v.* ALTHOUSE.

1. VENDOR AND PURCHASER — RESERVATION OF EASEMENT — FORM OF CONVEYANCE—DESCRIPTION—AMBIGUITY—CURE.

   Where, in a contract for the conveyance of land, the vendee agreed to cause a roadway to be laid out on the premises, it was the obvious intent of the parties to create an easement in the vendee's property, and the vendor was entitled to have the easement evidenced by appropriate language in the deed; and any want of certainty in the contract was cured by a mutual agreement locating the roadway on the boundary of the land sold.

2. SAME — SPECIFIC PERFORMANCE — SCOPE OF BILL — VARIANCE — AMENDMENT.

   Where a bill for specific performance relied on an oral contract, validated by the possession of the vendee, and in express terms denied the existence of a written contract, which the court found to have been in fact made, the vendee was not entitled to a conveyance in accordance with the terms of the written contract, as such relief would be beyond the scope of the bill; and it would not be proper, on appeal, to permit an amendment, which would make a radically different case from that presented to the lower court.

3. SAME—DECREE—DISMISSAL OF BILL WITHOUT PREJUDICE.

   Where a bill for specific performance relied on an oral contract, coupled with possession, and the proof showed a written contract, the decree dismissing complainant's bill should be without prejudice to his right to maintain a suit to enforce the written contract.

Appeal from St. Clair; Law, J. Submitted April 15, 1904. (Docket No. 72.) Decided May 31, 1904.

Bill by Charles Levandowski against Henry Althouse for the specific performance of a land contract. From a decree dismissing the bill, complainant appeals. Modified and affirmed.

*Avery .Bros. & Walsh*, for complainant.

*Cady & Crandall*, for defendant.

CARPENTER, J. This is a suit in chancery to enforce the specific performance of a land contract, whereby defendant agreed to sell to complainant certain land in the city of Port Huron. It was the claim of complainant that this land contract was oral, made valid by complainant's taking possession, and that complainant was entitled to a deed free and clear of all incumbrances and easements. It was the claim of defendant that the contract was in writing, and that it contained this provision:

"The party of the second part [complainant] hereby agrees that he will cause a roadway of the width of twelve feet to be laid out on these premises, commencing at the roadway already laid out by the party of the first part, south to Court street."

The case was heard by the circuit judge upon testimony taken in open court, who rendered a carefully prepared opinion dismissing complainant's bill.

A careful examination of the record convinces us that the contract was in writing, and contained the clause respecting the roadway, as claimed by defendant. Complainant insists that, notwithstanding this fact, he is entitled to have a deed which contains no reference to the roadway. To this we cannot agree. It was the obvious intent of the contract to create an easement in complainant's property, and defendant is entitled to have this easement evidenced by appropriate language in his deed.

Nor can it be said that the roadway is not described

with such certainty that it can be located. Any want of certainty in the contract has, in our judgment, been cured by the mutual agreement of the parties to this suit, locating the roadway on the boundary of the land sold complainant.

Complainant also contends that, in any event, he was entitled to relief of some character; that he is at least entitled to have such a deed as the court finds defendant agreed to execute. The answer to this contention is that that relief would be beyond the scope of complainant's bill, which in express terms denies the existence of the contract which the court now finds to have been made. We do not see, therefore, how complainant can obtain relief in this suit. See *Wilson* v. *Wilson*, 6 Mich. 9; *Brown* v. *Brown*, 47 Mich., at page 382 *et seq.* (11 N. W. 205). Nor would it be proper to permit an amendment to the bill in this court, which would make a radically different case from that presented to the lower court.

We think, however, that the decree dismissing complainant's bill should be without prejudice to his right to maintain a suit to enforce the written contract. Such a modification will therefore be made in the decree, which in every other respect will be affirmed, with costs.

MOORE, C. J., GRANT and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision.