MYRTA ETHEL WEBSTER v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY and Another.[1]

July 26, 1912.

Nos. 17,628—(205).

**Master and servant — action against both — verdict against one.**

In an action against the master and one of his employees for damages due to their alleged negligence, a verdict against the master alone must.

[1] Reported in 137 N. W. 168.

Note.—As to effect of verdict for servant in action against master and servant for latter's negligence or misfeasance, see notes in 9 L.R.A.(N.S.) 880 and 30 L.R.A.(N.S.) 404.

be treated as a finding in favor of the employee, although the verdict is silent as to him; but such finding does not vitiate the verdict as to the master, unless the sole negligence alleged in the complaint against the master is the negligent act or omission of his employee.

**Complaint construed.**

Complaint herein construed, and *held* that the negligence charged against the defendant company is not solely the acts and omissions of its codefendant and employee, and that the verdict herein is not impaired by a failure to find against the employee.

**Verdict sustained by evidence.**

Evidence considered, and *held* to justify the verdict for the plaintiff.

Action in the district court for Ramsey county by the administratrix of the estate of William H. Webster, deceased, to recover $5,000 for the death of her intestate. The case was tried before Hallam, J., and a jury which returned a verdict in favor of plaintiff for $5,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*George W. Peterson,* for appellant.

*Samuel A. Anderson* and *A. F. Storey,* for respondent.

START, C. J.

On November 24, 1910, at about two o'clock in the morning, the plaintiff's intestate was struck and killed by an engine of the defendant company in its railroad yard in the city of Minneapolis. This action was brought in the district court of the county of Ramsey to recover damages sustained by his widow by reason of his death, on the ground that it was caused by the alleged negligence of the defendant. The complaint alleged that the defendant Frank McManus was an employee of the defendant as a locomotive engineer and in charge of the engine at the time it struck the deceased; that the defendants then and there, in the exercise of ordinary care, could have stopped the engine in time to have avoided striking the deceased, and negligently ran the engine up to and against him, and thereby killed him; that he was caught in such a manner as to place

him directly in the path of the engine, and in such position that he could not escape therefrom; and, further, that the negligent acts and omissions of the defendants, as herein set forth, together with the fact that he was so caught, were the sole causes of the accident resulting in his death.

The answer, in which the defendants united, put in issue the alleged negligence of the defendants, and alleged that the death of the deceased was caused solely by his own negligence and risks which he knew and appreciated. The affirmative allegations of the answer were put in issue by the reply.

On the trial and at the close of all the evidence, the defendants moved the court to direct a verdict in favor of them and each of them. The request was refused, cause submitted to the jury, and a verdict returned for the plaintiff in the sum of $5,000 against the defendant railway company only. The company appealed from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

The first contention of the appellant is that the verdict against the defendant railway company, and not against the engineer, is inconsistent and exonerates the company. In an action against the master and one of his employees for damages due to their alleged negligence, a verdict against the master alone must be treated as a finding in favor of the employee, although it is silent as to him; but such finding does not vitiate the verdict against the master, unless the sole negligence alleged in the complaint against the master is the negligent act or omission of his employee.

The question, then, is whether the complaint, liberally construed, charges the defendant company with any negligence, except the negligence charged against its employee, the engineer. If it does not, the verdict against the company cannot be maintained; for the gist of the charge against the company is the negligence of the employee. The complaint directly charges that both defendants negligently ran the engine upon the deceased, and the negligence of the company is not limited by any express allegations to that charged against the engineer; hence, the only question in this connection is whether the complaint, by necessary intendment of such allegations, shows

that the negligence of the company is based solely upon the alleged negligence of the engineer. Upon a consideration of the allegations of the complaint, we are of the opinion, and so hold, that they were sufficient, as against the defendant company, to admit evidence of the negligence in the premises of any of its employees. This seems to have been the practical construction of the complaint on the trial by the parties; for not until after the verdict was returned and the trial ended was any question as to the sufficiency of the complaint raised.

We are not to be understood as suggesting that any issue not tendered by the complaint was litigated by consent. There was evidence on the trial tending to show negligence on the part of the fireman; and the trial court instructed the jury to the effect that if either the engineer, McManus, or his fireman were negligent that would constitute negligence on the part of the defendant company, but McManus himself was liable only for his own negligence. No objection was made to this instruction, which was necessarily based upon a construction of the complaint, until it was assigned as error in the motion for judgment or a new trial. It follows that the implied finding of the jury in favor of the engineer does not impair the verdict against the defendant company, and that the record presents no question of variance.

The next contention of the plaintiff is that the verdict is not justified by the evidence. The record discloses evidence, direct and circumstantial, tending to show that the deceased was, on the day he was killed, a conductor on the freight train of the defendant company; that he went to the yard-master's office, and, when returning therefrom and going with a lighted lantern in his hand toward the caboose of his train, he was struck by the engine and killed; that before he was struck he stopped and gave stop signals by swinging his lantern three or four times across the track; that the signals were given at a time and under circumstances to have enabled the engineer, if he had observed them, or his attention had been called to them by the fireman, to have stopped the engine before it reached the deceased; that the fireman, if he had been attentive to his duties, could have seen his signals and notified the engineer in time to have avoided

the collision, that the deceased was found at a switch between the rails, and his right shoe was found between the east and main rail and the adjoining switch rail in a space from five to two and one-half inches, which was sufficient for a shoe to get in and become wedged; that his shoe was unlaced, and his foot was not in the shoe when it was crushed; that his lantern, keys, and hat were found at or near his body; and, further, that there was no reason for his giving the stop signals, unless he was in a position of danger and unable to extricate himself.

In making these statements, we have taken the most favorable view permissible of the evidence for the respondent, as we are required to do when considering the sufficiency of the evidence. There was no direct evidence that the deceased was caught between the rails, or that it was he who gave the signals; but the jury might reasonably infer such facts from the evidence. Whether he was so caught was one of the important questions in the case, perhaps the controlling one in determining whether he was guilty of contributory negligence. The appellant urges in this connection that the evidence leaves this question a mere matter of speculation, and that the admitted physical conditions show that it was improbable, if not impossible, that he was caught between the rails. We are of the opinion that the circumstantial evidence furnishes a reasonable basis for the inference by the jury that the deceased was caught between the rails at the switch. The condition of his shoe, which was an exhibit in the case, and other circumstances tend to show that his foot was caught between the rails, as respondent claims. Upon a consideration of the whole evidence, we are of the opinion, and so hold, that it is sufficient to sustain the verdict.

Order affirmed.