[Civil No. 4663. Filed March 23, 1945.]

[157 Pac. (2d) 342.]

MOLLIE DeGRAFF, Appellant, v. VIRGIL SMITH and ELIZABETH SMITH, Appellees.

Messrs. Struckmeyer & Struckmeyer, for Appellant.

Messrs. Lyle & Perry, of Gallup, New Mexico, and Messrs. Hill, Robert & Hill, of Phoenix, Arizona, for Appellees.

STANFORD, C. J.—Virgil Smith and Elizabeth Smith, husband and wife, the appellees herein, were the plaintiffs in the trial court. We shall, in this case, term them the plaintiffs, and Mollie DeGraff the defendant.

The defendant, Mollie DeGraff, a resident of Colorado, was engaged in the business of buying, selling, warehousing and wholesaling fresh fruits, vegetables and other commodities, and transporting them over the highways of Arizona to the State of Colorado. Defendant carried on such transportation by means of a Ford truck. Lloyd P. Mundee and Ralph Bird operated said truck for defendant.

On the night of August 13, 1941, at about 2:30 A. M., Mundee and Bird were going east on highway 66 in the northern part of Arizona, and while between Ashfork and Williams stopped the truck on the right hand side of the highway because of a broken axle. Before the two servants of the defendant could place flares upon the highway indicating that the truck had stopped, the car of plaintiffs, going in the same direction, ran into and against the unlighted truck injuring the plaintiffs, and plaintiffs brought their action in the superior court for damages.

In addition to the defendant, Mollie DeGraff, plaintiffs made a party to the action Lloyd P. Mundee, who was driving the truck at the time of the accident.

After the evidence was submitted, and before arguments of counsel and instructions of the court were given, and before submission of the case to the jury, plaintiffs moved for a dismissal of the action against Mundee. The transcript of evidence in that respect shows the following:

"Mr. Perry: At this time the plaintiffs dismiss their complaint as to the defendant Lloyd Mundee.

"The Court: Do I understand that the plaintiffs at this time move to dismiss as to Lloyd Mundee, each of the three causes of action as to the defendant Mundee?

"Mr. Perry: That is correct.

"Mr. Struckmeyer: That, of course, with prejudice?

"Mr. Perry: I assume if we lose we couldn't sue a joint tort feasor if we lose against one. If we win we wouldn't sue him, so it would be with prejudice."

The complaint was brought on three causes of action, each alleging different damages. The verdict of the jury was on the second cause of action, which alleged injuries to plaintiff, Elizabeth Smith, and was for the sum of $2,000.

Before entry of judgment on the verdict rendered, defendant DeGraff filed a motion for judgment notwithstanding the verdict on the grounds that she could be held only on the theory of respondeat superior and the dismissal with prejudice of Lloyd Mundee, her servant, operated as a bar to the verdict and is *res judicata* as to the negligence of the defendant DeGraff. Also a motion for new trial was filed by defendant DeGraff, and each of the motions having been overruled, the defendant DeGraff has appealed and assigns as error (1) that the dismissal with prejudice of the defendant Mundee bars the recovery against his principal, the defendant herein; (2) that the plaintiffs could not recover because the evidence and the whole thereof shows that the plaintiffs' negligence was the proximate cause of the accident or collision.

It is contended by the plaintiffs as follows:

"The voluntary dismissal by the plaintiffs as to the defendant Mundee and the judgment rendered in his favor thereon had no affect on appellees' right.to obtain judgment against the appellant Mollie DeGraff.

"The question of contributory negligence is one of law and fact to be determined by the jury and the court is bound by the jury's determination."

The theory of plaintiffs is that DeGraff and Mundee were joint tort feasors and they had the right to continue their action against DeGraff after dismissing against Mundee.

The minute entry of the clerk of the court in respect to the court's action in reference to plaintiffs' motion to dismiss as to Mundee is as follows:

"Plaintiffs move to dismiss each of the three causes of action as to defendant, Mundee with prejudice.

"It is ordered for judgment in favor of defendant, Lloyd P. Mundee, relieving him of all liability in this case."

Defendant DeGraff contends that joint tort-feasors are those who jointly, or by some concerted action, commit the wrong, and that active participation in the alleged negligence is necessary to constitute a person a joint tort-feasor. It is the defendant's contention that this is a case of master and servant and that the master's responsibility does not make him a joint tort-feasor, but that his liability is solely derivative. With this proposition we agree.

In the case of *White* v. *Arizona Eastern R. Co.,* 26 Ariz. 590, 229 Pac. 101, 102, this court said:

" . . . There must exist some community of purpose or wrong or fault to give rise to joint liability. This we think is the settled rule. To constitute a joint tort the wrong must be joint. A tort may be committed by one person or by several but the tort is always single. The general rule on this point we think is very well stated in *Dickson* v. *Yates,* 194 Iowa 910, 917, 188

N. W. 948, loc. cit. 951 [27 A. L. R. 533], wherein it is said:

" 'Only when two or more persons act in concert of action to commit a common tort are they joint tort-feasors. . . . ' "

■ The essential part of the complaint for the purpose of determining the issues involved reads as follows:

" . . . ; that at or about the hour of 2:30 A. M. on said day, at a point approximately thirteen (13) miles west of Williams, Arizona, on U. S. Highway 66, the defendant Lloyd P. Mundee, acting within the scope of his employment, negligently, carelessly and in violation of the law applicable thereto, stopped the said Ford truck on said highway and permitted it to stand on said highway without showing any lights whatsoever or setting out any flares or otherwise complying with the law, and that as a direct and proximate result of the aforesaid carelessness and negligence, the car in which the plaintiffs were then and there riding and which was being driven in an easterly direction on said highway by the plaintiff Virgil Smith, who was then and there using due care in the premises, ran into and against the unlighted truck belonging to the defendant Mollie E. DeGraff."

Throughout the pleadings and the briefs of the plaintiffs it is claimed that the action is based on the liability of joint tort-feasors and that Mundee and De-Graff were such. The defendant is contending that no other interpretation by the pleadings can be shown except that DeGraff and Mundee were master and servant.

The cases submitted by the plaintiffs mainly have reference to joint tort-feasors. Among the master and servant cases cited is the case of *Inter State Motor Freight System* v. *Henry,* 111 Ind. App. 179, 38 N. E. (2d) 909, 912, from which we quote:

"It is well established by a number of decisions in this state that where an action proceeds upon the

theory that the relation of master and servant exists between the defendants, and that the master is liable solely because of the negligent acts of the servant, that a verdict in favor of the servant and holding the master guilty of negligence relieves not only the servant but the master from liability. (Citing cases.) These holdings are in accordance with the weight of authority in other states. Where a master and servant are joined as parties defendant in an action for injuries inflicted by the servant, a verdict which exonerates the servant from liability for injuries caused solely by the alleged negligence of the servant requires also the exoneration of the master. (Citing cases.)

"But a verdict in favor of one servant does not bar a recovery against the master, where the evidence shows that the negligence of another servant who is not joined as a party, or who if joined as a party is not exonerated by the verdict, has caused the injury. Nor does the verdict in favor of a joined servant bar a recovery against the master where the latter has himself been guilty of acts on which, independently of the acts of the servant, liability may be predicated. (Citing cases.)"

We can eliminate one feature of that case and that is wherein it says: "Nor does the verdict in favor of a joined servant bar a recovery against the master where the latter has himself been guilty of acts on which independently of the acts of the servant, liability may be predicated." There is no evidence in the case that the defendant DeGraff was guilty of an act of negligence on which, independently of the acts of the servant, liability may be predicated. The other matter left for us to determine is where the evidence shows the negligence of another servant, who is not joined as a party, or who, if joined as a party, is not exonerated by a verdict or judgment has caused the injury. There was another servant, Ralph Bird, who was asleep at the time the axle broke. In the emergency he was awakened by Mundee and immediately got out and did everything he could to aid. He scotched the wheels of

the truck as quickly as possible. Then while Mundee went forward on the road with fuses to set out to warn advancing motorists, Bird got another fuse, and we quote the following from his evidence:

"A. So I got out and got another fuse and started around to the back end of the truck and I stooped down to light that other one. I had a flash light and I heard Lloyd yell it was a car coming, said there was a car looked like it was going to hit us and I looked up and there was cars coming from each direction so I started to waving my flash light to try to attract attention.

"Q. Describe to the jury the motion, did you stand up? A. Yes.

"Q. And waved the flash light? A. Yes, sir, I waved it back and forth like this (indicating).

"Q. How far away was it from you at that time when you waved your flash light? A. When I first saw him I believe he was approximately 700 feet, approximately.

"Q. 700 feet? A. Yes.

"Q. What did you do, continue to wave? A. Yes.

"Q. Describe the motions you went through. A. I waved it back and forth like this (indicating) until I saw, it looked like he was going to run into me. . . .

"Q. And did you observe the skid marks? A. Yes, sir.

"Q. And did you step off the skid marks yourself? A. Yes, sir, I did sir.

"Q. And what was the distance of the skid marks? A. Well, I think it was right around 50 paces, or a little bit over."

The same witness in giving testimony relative to the lights on the truck testified as follows:

"Q. Do you recall at that time whether you observed the lights in the back? A. Yes, sir, they were on.

"Q. How was the truck equipped with lights? A. How do you mean?

"Q. Particularly on the rear. A. There is three cluster lights right up at the top in the center of the truck, and all four corners at the rear there are what

we call clearance lights, and then underneath the truck a little off the center is the tail light, and then approximately 6 inches in from each corner there were two reflectors, six inches.

"Q. And what are they constructed of, the reflectors? A. Red glass.

"Q. Red glass? A. Yes, sir."

In the instant case the liability of the master is predicated solely on the negligence of the servant Mundee. The complaint does not mention the name of Ralph Bird, who was sleeping at the time the axle broke, nor does the evidence in this case, in the slightest, show that Bird was anything but very diligent, and was not in the slightest negligent.

From 35 Am. Jur. Section 534, we quote:

" . . . Whether, in a case where the employer's liability depends solely upon the doctrine of respondeat superior, recovery can be had against an employer for damages resulting from the negligent act of his employees, after the employee has been discharged from personal liability, is a matter concerning which there is some difference of opinions; according to a majority of cases in which the question has been raised, the employer is held not to be liable. Thus, according to the weight of authority, where employer and employee are joined as parties defendant in an action for injuries inflicted by the employee, a verdict which exonerates the employee from liability for injuries caused solely by the alleged negligence or misfeasance of the employee requires also the exoneration of the employer, and although the verdict purports to hold the employer liable, it cannot form the basis of a judgment against the employer, but must be set aside. This is not upon the theory that the employer is denied the right to recover over against the employee, but upon the ground that the sole basis of liability is the negligence or wrongdoing of the employee imputed to the employer under the doctrine respondeat superior; the acquittal of the employee of wrongdoing conclusively negatives liability of the employer. The verdict in favor of the employee, determining in effect that he

was not guilty of negligence, necessarily amounts to a finding that the employer was free from negligence, and a verdict against the employer after finding in favor of the employee would be inconsistent and illogical. Also, as a general rule, a judgment in an action against the employee which exonerates the employee from personal liability for an act which he committed while acting for his employer, and establishes that the act was not wrongful or that it was excusable, is necessarily a like determination in favor of the employer, and is conclusive in a subsequent action against the employer based upon the same injury. This is in accord with the general principle that a judgment in favor of either principal or agent in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against a subsequent right of action against the other. By analogy, *it is held that the release of an employee from liability for injuries inflicted while acting for the employer operates as a release of the employer.* There are, however, decisions supporting the view that notwithstanding a verdict in favor of the employee in an action against an employer and employee jointly, a recovery against the employer is sustainable."

 27 C. J. S., Dismissal and Nonsuit, § 73, note 89, p. 255, says:

"A dismissal with prejudice is an adjudication on the merits of the case." *Union Indemnity Co.* v. *Benton County Lumber Co.*, 179 Ark. 752, 18 S. W. (2d) 327, 330; *Hargis* v. *Robinson,* 70 Kan. 589, 79 Pac. 119, 121.

In the case of *Dare v. Boss,* 111 Or. 190, 224 Pac. 646, 648, which is an automobile accident case where a man named Sam Little was employee of C. L. Boss and R. J. McRell, partners in the automobile business. A man named Pridgeon was a prospective purchaser. By a road accident Dare was injured. The court, in part, said:

"But there is one proposition that makes it necessary to reverse this case, and that is the fact that the jury, in effect, has found Pridgeon, who was driving

the car by permission of Little, not guilty of negligence in crashing into plaintiff's car, or at least has failed to find on that subject. There could be no negligence except that imputed from the relationship of the parties, and, unless Pridgeon was negligent, no negligence could, under any circumstances, be imputed to the defendant company. That is to say, if the collision was without negligence on the part of the driver of the car, it could not be negligence on the part of any one else. To say that Pridgeon was not negligent is to say that nobody in charge of the car was negligent, because it was his hand steering the car, and whatever injury occurred, if any, for which anybody was liable, must have been through his agency, and this is sustained by all of the authorities. *Childress* v. *Lake Erie, etc. R. Co.*, 182 Ind. 251, 105 N. E. 467; *Webster* v. *Chicago, St. P., M. & O. R. Co.*, 119 Minn. 72, 137 N. W. 168; *Rathjen* v. *Chicago B. & Q. R. Co.* 85 Neb. 808, 124 N. W. 473; *Loveman [Co.]* v. *Bayless*, 128 Tenn. 307, 160 S. W. 841, Ann. Cas. 1915C, 187; *Emmons* v. *Southern Pacific Co.*, 97 Or. 263, 298, 191 Pac. 333.''

The complaint limits the negligence to the defendant Mundee, against whom the action was dismissed with prejudice, and Mundee having been adjudged as not guilty of any negligence because of the dismissal with prejudice, we hold that the master DeGraff cannot be held liable.

As to the other point raised, we do not think it necessary to consider.

The motions of the appellant set forth in the beginning of our opinion should have been granted.

The judgment is reversed with directions to dismiss plaintiff's complaint.

LaPRADE, J., concurs.

MORGAN, J. (dissenting).—I cannot agree with the majority members of the court. Their decision is based upon the premise that the dismissal of Mundee amounted to an adjudication that he was not guilty of

any negligence. A reading of the record discloses that the dismissal was conditional. There appears to have been no intent upon the part of the attorneys for the plaintiff to dismiss with prejudice. The excerpt from the transcript of the evidence quoted in the opinion discloses that counsel for defendant simply moved for a dismissal. Under the rule pertaining to dismissal, sec. 21–915, sub. (2), Arizona Code Annotated 1939, a dismissal can be had on the plaintiff's instance only upon the order of the court, and upon such terms and conditions as the court deems proper. The rule specifically states, ''Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.''

The minute entry does show that the dismissal was with prejudice. It seems obvious, however, that both counsel for the plaintiff and the court deemed the dismissal as a conditional one, and it was never intended that the dismissal should operate as an adjudication that Mundee was not guilty of negligence. The action of the trial judge indicates that he was under the impression that the right was reserved to continue the cause of action against the master De-Graff. Had this not been so, immediately upon the dismissal of Mundee with prejudice, the court would also have dismissed against the master. The jurors were instructed that there could be no recovery unless they found negligence on the part of Mundee.

It seems to me that this is a case where the court should make use of the powers given to it under Sec. 21–1832, Arizona Code Annotated 1939. Under that section the court has the right to render such judgment or order as the court below should have rendered. The defendant for reversal depends entirely on the judgment of the court dismissing Mundee with prejudice. The majority opinion is based upon the same hypothesis. In view of the fact that the defendant relies solely on the dismissal judgment, and the matter

is directly before us, we have the right, under the provisions of the statute referred to, 21–1832, *supra*, to render such judgment or order as the court below should have rendered. In other words, to limit the effect of the dismissal in accordance with the intention of the plaintiff and the court. This court has the right to require that the proper judgment of dismissal be entered, even though the plaintiff-appellee has not asked for that relief. 27 C. J. S., Dismissal and Nonsuit, p. 256, § 73, "Dismissal and Nonsuit":

"If the dismissal is absolute where it should be without prejudice, or if it is without prejudice when it should be on the merits, the judgment may be corrected on appeal, even though complainant does not urge the error. . . . "

See in support of the foregoing, *Harrison* v. *Farmers' Loan & Trust Co.*, 5 Cir., 94 Fed. 728; *Gregory* v. *Boston Safe-Deposit & Trust Co.*, 144 U. S. 665, 12 Sup. Ct. 783, 36 L. Ed. 585; *Lacassagne* v. *Chapuis*, 144 U. S. 119, 12 Sup. Ct. 659, 36 L. Ed. 368; *Levandowski* v. *Althouse*, 136 Mich. 631, 99 N. W. 786.

We must assume from the verdict that Mundee was guilty of negligence. The trial court was satisfied with the verdict. Motion for new trial was denied. It seems apparent that if the trial court had not been impressed with the belief that the dismissal was conditional, he would have set aside the judgment under the law. A judgment based upon the verdict of a jury, in a case which has fairly been submitted, should not be lightly set aside, and no technicalities should be allowed to operate to defeat it.

The judgment of dismissal should be corrected in accordance with these views, the verdict of the jury upheld, and the judgment affirmed.