NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JACOB LAURENCE, et al., *Plaintiffs/Appellants*,

*v.*

SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT & POWER
DISTRICT, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0100
FILED 11-9-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-093037
The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

Tobler Law, P.C., Mesa
By Maren Tobler Hanson, Nathan Tobler
*Co-Counsel for Plaintiffs/Appellants*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By Eric D. Gere, Alex J. Egbert
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1      Jacob Laurence appeals the superior court's judgment in favor of Salt River Project Agricultural Improvement & Power District ("SRP"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2      Laurence sued SRP and its employee, John Charles Gabrielson, for damages suffered in a motor-vehicle crash. Laurence sued Gabrielson for direct liability and SRP for vicarious liability. Laurence timely served a notice of claim on SRP, but not on Gabrielson.

¶3      Gabrielson moved for summary judgment based on the failure to timely serve the notice of claim, which the superior court granted. SRP then filed a successful motion for summary judgment, arguing that it could not be vicariously liable for Gabrielson's conduct given that the court granted judgment in favor of Gabrielson. The court dismissed all claims with prejudice and entered final judgment. We have jurisdiction over Laurence's timely appeal under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

¶4      We review the grant of summary judgment de novo, viewing the facts most favorably to Laurence. *See Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). We will affirm a grant of summary judgment when there is no genuine issue of "material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *Thompson v. Pima Cnty.*, 226 Ariz. 42, 44, ¶ 5 (App. 2010).

¶5      Laurence argues the superior court erred in granting summary judgment to SRP because Gabrielson's liability was not litigated on the merits and SRP remains potentially vicariously liable for Gabrielson's conduct. As a threshold matter, SRP argues Laurence waived his arguments on appeal because he failed to raise them before the superior

court. Having reviewed the record, we find that Laurence sufficiently raised his arguments before the superior court.[1]

**¶6** An employer is vicariously liable for negligence caused by its employee in the course and scope of his employment. *Engler v. Gulf Interstate Eng'g, Inc.*, 230 Ariz. 55, 57, ¶ 9 (2012). However, as held in *DeGraff v. Smith*, 62 Ariz. 261, 270 (1945), an employer cannot be held vicariously liable when its employee has been adjudicated not guilty of any negligence.

**¶7** Here, the involuntary dismissal with prejudice of Gabrielson and summary judgment amounted to an adjudication on the merits in his favor. *See* Ariz. R. Civ. P. 41(b) (with limited exceptions not applicable here, involuntary dismissal operates as an adjudication on the merits); *Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464 (1967) ("The granting of a motion for summary judgment is a judgment on the merits and a bar to a later suit on the same cause of action . . . .").

**¶8** The adjudication of Gabrielson's liability in turn bars a vicarious liability claim against SRP. *See DeGraff*, 62 Ariz. at 270; *see also Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 574 (1986) (stating that "a judgment or dismissal in favor of the servant relieves the master of liability"); *Law v. Verde Valley Med. Ctr.*, 217 Ariz. 92, 96, ¶ 13 (App. 2007) ("When a judgment on the merits—including a dismissal with prejudice— is entered in favor of [the agent], there is no fault to impute and the party potentially vicariously liable . . . is not responsible for the fault of the other person.") (citation and internal quotation marks omitted).

**¶9** Laurence argues that *Kopp v. Physician Group of Arizona, Inc.*, 244 Ariz. 439 (2018) abrogated *DeGraff* and that Gabrielson's dismissal does not bar litigation of the vicarious liability claim against SRP. *Kopp* held that a stipulated dismissal with prejudice of an agent did not preclude direct negligent hiring and supervision claims against the principal, claims which turned on proof of the issue of the agent's liability that had not been adjudicated by the stipulated dismissal. 244 Ariz. at 440, ¶ 1. In so doing, *Kopp* disavowed *DeGraff* to the extent it concluded that a stipulated dismissal with prejudice operates as an adjudication of non-liability. *Id. Kopp* also recognized that *Chaney Building Company v. City of Tucson*, 148 Ariz. 571 (1986) abrogated *DeGraff* "to the extent [it] suggested that a

---

[1] We deny SRP's motion to strike new arguments made in Laurence's recently filed notice of errata.

stipulated dismissal with prejudice is a judgment on the merits for purposes of issue preclusion." 244 Ariz. at 442, ¶ 14.

¶10    But *Kopp's* limited abrogation of *DeGraff* does not affect our decision. *Kopp* specifically differentiated between a judgment on the merits for purposes of *issue* preclusion and a judgment on the merits for purposes of *claim* preclusion. *Id.* Issue preclusion does not apply here because the subject litigation involves a pure vicarious liability claim unlike *Kopp*, which involved direct claims against the principal that turned on proof of the issue of the agent's liability. *Id.* at 440, ¶ 1. Although the issue of Gabrielson's negligence was not determined here, the direct claim against him was. The adjudication of the direct negligence claim against Gabrielson means that no fault can be imputed to SRP by operation of law. *See Chaney*, 148 Ariz. at 573-74 (recognizing that, in respondeat superior cases, dismissal of the servant would prohibit an action against the master because "an act of a servant done in the course of his employment is legally the act of the master"); *Wiggs v. City of Phoenix*, 198 Ariz. 367, 371, ¶ 13 (2000) (stating that in vicarious liability cases, fault is only imputed by operation of law). *Kopp* does not stand for the proposition that a vicarious liability claim can proceed against an employer when the employee has been dismissed with prejudice.

¶11    Laurence also contends that Division Two's decision in *Banner University Medical Center Tucson Campus, LLC v. Gordon*, 249 Ariz. 132 (App. 2020) (review granted Nov. 3, 2020) is controlling and mandates the outcome here that the vicarious liability claim against SRP is not barred. *Banner* held that the vicarious liability claim against a private employer survives the dismissal with prejudice of employees for the failure to serve a notice of claim required due to joint employment by a public entity. 249 Ariz. at 134, ¶ 1. To the extent the status of the parties matters, *Banner* is inapposite because that case involved a private employer not subject to the notice of claim statute, whereas here SRP is a public employer subject to the statute just like its public employee. *Id.* at 137-38, ¶ 15. *Banner* explicitly stated that its holding is inapplicable in cases that "[deal] only with the straightforward situation of a public entity and its employee, rather than a private employer." *Id.*

## CONCLUSION

**¶12**      For the foregoing reasons, we affirm the superior court's ruling. We award costs to SRP upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA