Matthew J. Jasen, J.
Defendant seeks to discover pursuant to CPLB 3120 the names and addresses of • all persons who witnessed the accident described in the complaint.
Plaintiffs oppose this application claiming that the information sought falls under CPLB 3101 (subd. [c]) as the “work product ’ ’ of their attorney and theref ore completely immunized from disclosure.
This action, commenced March 16,1965, arises out of personal injuries alleged to have been sustained by plaintiff, Susie Menyweather, on April 15, 1962 while or immediately after said plaintiff had alighted from a bus owned by defendant.
It appears that the driver of the bus did not witness the incident giving rise to the cause of action and the defendant is unable to determine how the accident, if any, occurred.
Also, an examination before trial of the plaintiff Susie Menyweather revealed that she had no personal knowledge of the facts pertaining to the occurrence out of which the action arose.
Upon the completion of the examination bef ore trial of plaintiff Susie Menyweather, defendant’s counsel was informed by plaintiffs’ attorney that he had located a number of witnesses to the aforesaid incident, hut refused to divulge their names and addresses upon the grounds that an attorney’s “ work product ” is not obtainable.
This court does not agree.
Where the identity of a witness is material and necessary for the prosecution or the defense of an action to obtain knowledge of the facts pertaining to the occurrence out of which the action arose, there should be no immunity from disclosure because it is the “ work product ” of an attorney.
Persons having exclusive knowledge of relevant facts concerning the accident are not necessarily the witnesses of any particular party.
Here, the disclosure of witnesses’ names shall permit the parties to make a thorough assessment of the merits of the claim and the possibilities of success on trial.
Upon the facts and circumstances presented' here, the withholding of essential witnesses’ names where they cannot be *375 learned from other sources would result in an injustice and undue hardship to the defendant. Accordingly, the motion is granted.