James O. Moore, J.
This is a motion on hehalf of defendant for a protective order vacating a notice served on behalf of the plaintiff requiring the defendant to produce and divulge the name and address of a witness to the accident. The action involved an intersection accident, and each of the parties claims that at the time of the accident he was proceeding through the intersection governed by a green light. Subsequent to the completion of the examination before trial, the attorney for the plaintiff was advised by a representative of the defendant that the defendant himself had learned of the name of a witness who, in fact, was driving behind him at the time of the accident. The opposing affidavit relates that the identity of the witness was not revealed at the scene of the accident but became known to the defendant some days later. No claim is advanced that the discovery of the witness was any part of the work product of the defendant’s attorney, nor did it result from an investigation conducted in preparation for trial.
In the light of the principles underlying the disclosure provisions of the CPLR, and particularly in view of the mandate of the Court of Appeals in Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403, 406) that “ the test is one of usefulness and reason”, the time has come to sweep away artificial distinctions between witnesses who are characterized as “ active participants ” and those who are labeled “ passive observers ”. Moreover, the circumstance that the identity of a witness was discovered at a time subsequent to the happening of the accident, rather than at the scene, is meaningless insofar as the implementation of the policies underlying disclosure is concerned. Absent a showing that the identity of witnesses falls clearly within one of the classifications of protected material within the meaning of CPLR 3101, the names of witnesses are subject to discovery by any party to the action. (Peretz v. *887 Blekicki, 31 A D 2d 934; Hartley v. Ring, 58 Misc 2d 618; Rivera v. Stewart, 51 Misc 2d 647; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.11; McKinney’s Practice Commentaries C3103:41.)
Granted that the approved practice is to elicit such information during the course of depositions, no purpose is served in this case by ordering the reopening of the depositions and the defendant is directed to comply with the plaintiff’s notice to produce. The motion for a protective order is denied.