Charles B. Swartwood, J.
This is a motion by the defendants pursuant to CPLR 3101 to compel the plaintiffs to disclose the names and addresses of any witnesses, known to the plaintiffs, who were at the scene of this accident at the time of or within five minutes thereafter. The plaintiff Kathleen Gates refused, on advice of counsel, to answer questions seeking this information in an examination before trial.
The affidavit of plaintiffs ’ counsel in opposition to the motion states in part:
“ 5. That the identities of any possible witnesses were not known to the plaintiff at the scene, but was material which she and her husband, also a plaintiff herein, were able to obtain with regard to the accident.
‘ ‘ 6. That the material obtained by the plaintiffs was in preparation for litigation and not required to be disclosed at the Examination Before Trial.”
Thus the question is squarely raised as to whether a party may in a negligence action secure from his opponent the names ■of witnesses to the accident obtained during post-accident investigation or whether such information is within the immunity of an attorney’s work product or material prepared for litigation under subdivisions (c) and (d) of CPLR 3101.
The treatment given this question is thoroughly reviewed by Justice Hargett in Hartley v. Ring (58 Misc 2d 618 [1969]) wherein it was held that discoverability of the names of witnesses depended not on whether such witnesses were “ participants ’ ’ in the event, as was earlier held determinative in Pistana v. Pangburn (2 A D 2d 643), and O’Dea v. City of Albany (27 A D 2d 11), but on whether the witnesses were observed by a party to be present at the accident scene or whose identity was learned thereat. A party must reveal the names of those witnesses in the latter category but not those whose identity *892 was learned through investigation after the event. This ruling was adhered to in Varner v. Winfield (33 A D 2d 807), and Workman v. Boylan Buick (36 A D 2d 978).
In January, 1973 the Second Department in Zellman v. Metropolitan Transp. Auth. (40 A D 2d 248), revised its adherence to the so-called Hartley-Varner rule and decided that the names of eyewitnesses to an event to be discoverable if material and necessary whether their identities were learned at the accident scene or thereafter through investigative effort. The court held that the names of eyewitnesses developed in the course of investigation are not protected “ as things created by a party in preparation for litigation” (p. 251). Disclosure of the actual statements of these witnesses was still not to be required since they are considered as material prepared for litigation.
In Wolken v. Howell Co. (41 A D 2d 545, 546), the Second Department reiterated the Zellman rule, characterizing it “as an exception to the general rule of nonavailability of work product to an adversary ’ ’. An earlier case to the same effect is Menyweather v. Niagara Frontier Tr. System (53 Misc 2d 373, affd. 25 A D 2d 821), which denied immunity from disclosure of names of witnesses discovered by a party’s attorney through a post-accident investigation. (See, also, Clamp v. Boldt, 62 Misc 2d 886.)
The principal reason for not requiring disclosure of witnesses’ names is tho,t it would tend to make the opposing party the beneficiary of the diligence of the other in seeking out witnesses. See Supplementary Practice Commentary (McKintiey’s Cons. Laws of N. Y., Book 7B, CPLR 3101, 1970 Supp., C3101:41). However, the names of witnesses to an event, as frequently as not, are volunteered or learned by happenstance by an attorney or his client as they are through extensive investigation. It seems to us that any eyewitness to an event must to some extent be considered as a “ participant ” in a theoretical sense.
Recognizing as the dissent did in Varner v. Winfield (33 A D 2d 807, supra), that the protection from disclosure under subdivision (d) of CPLR 3101 “ material prepared for litigation ” is somewhat restricted, we believe that no distinction should be made on that basis between that subsection and subdivision (c) of CPLR 3101 “ attorney’s work product ” as far as discovery of the names of witnesses is concerned. Disclosure should not depend on whether an attorney or his client learned of the witness nor should it depend on whether the witness’s identity was learned at the accident scene or thereafter. The real question is whether an eyewitness’s identity is “ a work product” or *893 “ material prepared for litigation On the basis of Zellman (40 A D 2d 248, supra), and Menyweather v. Niagara Frontier Tr. System (53 Misc 2d 373, affd. 25 A D 2d 821, supra), we are of the opinion that the identity of an eyewitness is neither. The event, and not a party, “ creates ” witnesses.
An eyewitness’s identity and thus his version of an accident would certainly be “ material and necessary ” within the meaning of that phrase. (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403.)
Therefore we reach the conclusion that the names and addresses of the witnesses to the accident and events immediately preceding and after it within the knowledge of the plaintiffs or their attorneys should be disclosed. There has been a showing of some investigative effort on the part of the defendants, though not extensive. Plaintiffs have not argued that any sums were spent by them or their attorneys in an investigation to discover these names. Of course, disclosure of any statements of those witnesses is not allowed.
Defendants’ motion is granted.