■ DOLORES A. BODDY, Respondent, v. ARTHUR M. PARKER et al., Defendants, and MAIMONIDES HOSPITAL, Appellant.— In this action to recover damages for alleged malpractice, Maimonides Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated March 8, 1974, as directs it to produce, on examination before trial, records of every hysterectomy performed by codefendant Dr. Salome at its hospital during the two years prior to the alleged malpractice. Order modified, on the law, so as to limit the inspection of defendant Maimonides Hospital's records and pretrial inquiry that may proceed therein, under the third decretal para-

graph of the order appealed from to hysterectomy surgery performed by said codefendant Dr. Salome on plaintiff. As so modified, order affirmed insofar as appealed from, without costs. Records and inquiry concerning medical procedures performed on persons other than plaintiff are privileged confidential communications which defendant Maimonides Hospital may not divulge absent express waiver by the third parties affected thereby (CPLR 4504, subd. [a], formerly Civ. Prac. Act, § 352; *Matter of City Council of City of N. Y.* v. *Goldwater,* 284 N. Y. 296; *Matter of Investigation of Criminal Abortions in County of Kings [Magelaner],* 286 App. Div. 270; *Matter of Hyman* v. *Jewish Chronic Disease Hosp.,* 21 A D 2d 495, revd. on other grounds, 15 N Y 2d 317). *Coffey* v. *Orbachs, Inc.* (22 A D 2d 317) relied on by plaintiff is inapplicable, because as appears therefrom any alleged waiver of an objection in law to improper pretrial examination of the examinee is not waived by the examinee's failure to have moved for a protective order where the objection to the inquiry is a third party's right to have such inquiry prohibited as violative of his privilege. Moreover as appears from the above authorities not only is the surgical procedure performed on a nonparty privileged, but furthermore, absent such third party's consent a hospital may not disclose his name and address or the surgical or medical procedure performed on such third party. Thus, *Rios* v. *Donovan* (21 A D 2d 409) relied on by plaintiff as suggestive that she might examine Maimonides Hospital's records to find out the names and addresses of other women on whom Dr. Salome performed hysterectomies is distinguishable. In *Rios,* the court permitted an examination of a defendant to find out names and addresses of other witnesses to an accident (nonprivileged), but examination as to privileged matter was prohibited. Hopkins, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.