545 P.2d 958

**TUCSON MEDICAL CENTER, INCORPO-RATED, a corporation, Defend-ant-Petitioner,**

v.

**Al MISEVCH, the surviving spouse of Virginia Misevch, for and on his own behalf, and for and on behalf of Linda Misevch and Lee Misevch, the surviving children of Virginia Misevch, Plaintiff-Respondent,**

and

**Associated Anesthesiologists of Tucson, a business entity, and Royal W. Rudolph, M.D., and Jane Doe Rudolph, husband and wife, Defendants-Respondents,**

and

**The Honorable Lillian S. Fisher, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Division IV thereof, Respondent.**

**Nos. 12355–PR, 12384.**

Supreme Court of Arizona,
En Banc.

Feb. 4, 1976.

 

Chandler, Tullar, Udall & Richmond and Holesapple, Conner, Jones & Johnson by Marshall Jones, Tucson, for defendant-petitioner Tucson Medical Center.

Langerman, Begam, Lewis, Leonard & Marks by James J. Leonard, Jr., Barry C. Schneider and Samuel Langerman, Phoenix, for plaintiff-respondent.

Everett, Bury & Moeller by Leonard Everett, Tucson, for defendants-respondents.

Lewis & Roca by Walter Cheifetz, Phoenix, for Ariz. Hospital Ass'n.

Snell & Wilmer by Edward Jacobson and Shyrl Nielsen, Phoenix, for Ariz. Medical Ass'n.

William B. Revis, Phoenix, for Ariz. Trial Lawyers Ass'n, amici curiae.

HAYS, Justice.

The Tucson Medical Center (hereinafter TMC) is a defendant in a superior court action brought by Misevch against Royal Rudolph, M.D. (now deceased), Associated Anesthesiologists of Tucson, and TMC. Misevch claims that Rudolph was negligent in administering anesthesia to Misevch's wife during surgery at TMC for the removal of a low back disc as a result of which she suffered cardiac arrest and brain damage and later died. The complaint alleges that Rudolph was under the influence of alcohol and falling asleep at the time of the operation and that TMC was negligent in retaining Rudolph on its medical staff.

Misevch filed a motion to compel TMC to produce for inspection 21 groups of documents which fall into three general categories: (1) complaints or incident reports concerning Rudolph at TMC prior to the surgery; (2) reports and minutes of the medical review committees concerning the surgery; and (3) medical records of other patients of Rudolph at TMC. The trial judge ordered substantial compliance with the motion. TMC brought a special action before the Court of Appeals which declined to accept jurisdiction. A petition for review was then filed in this court which

granted the petition. Thereafter, pursuant to Rule 1, Rules of Procedure for Special Actions, this court accepted jurisdiction of a petition for special action, but would not allow oral argument thereon. We consolidated the special action with the petition for review and now remand the case for proceedings not inconsistent with the following opinion.

■ Hospitals have been given and have accepted the duty of supervising the competence of the doctors on their staffs. *Purcell v. Zimbelman,* 18 Ariz.App. 75, 500 P.2d 335 (1972), *review denied; see* R 9–10–213, Official Compilation, Administrative Rules & Regulations, Department of Health Services. The concept of corporate responsibility for the quality of medical care was clearly enunciated in *Darling v. Charleston Community Memorial Hospital,* 33 Ill.2d 326, 211 N.E.2d 253, 14 A.L.R.3d 860 (1965), when that court held that hospitals and their governing bodies may be held liable for injuries resulting from negligent supervision of members of their medical staffs. *Moore v. Board of Trustees of Carson-Tahoe Hospital,* 88 Nev. 207, 495 P.2d 605 (Nev.1972). The hospital has assumed certain responsibilities for the care of its patients and it must meet the standards of responsibility commensurate with this trust. *Beeck v. Tucson General Hospital,* 18 Ariz.App. 165, 500 P.2d 1153 (1972), *review denied.* If the medical staff was negligent in the exercise of its duty of supervising its members or in failing to recommend action by the hospital's governing body prior to the case in issue, then the hospital would be negligent. *Purcell v. Zimbelman, supra.*

■ When the hospital's alleged negligence is predicated on an omission to act, the hospital will not be held responsible unless it had reason to know that it should have acted within its duty to the patient to see to it that only professionally competent persons were on its staff. *Purcell v. Zimbelman, supra.* Therefore, its knowledge, actual or constructive, is an essential factor in determining whether or not the hos-

pital exercised reasonable care or was guilty of negligence. *Purcell v. Zimbelman, supra.*

To guarantee the proper review of medical practices within hospitals, the legislature enacted A.R.S. § 36–445 et seq.

"The governing body of each licensed hospital shall require that physicians admitted to practice in the hospital organize into committees to review the professional practices within the hospital for the purposes of reducing morbidity and mortality and for the improvement of the care of patients provided in the institution. Such review shall include the nature, quality and necessity of the care provided and the preventability of complications and deaths occurring in the hospital." A.R.S. § 36–445.

■ The statutory scheme provides that certain information considered by the medical staff review committee is subject to subpoena to be delivered for the inspection of a judge who shall determine what material is relevant and competent. A.R.S. § 36–445.01. This is the statute within which the trial judge acted in this case and which is now questioned. Review has been made difficult, however, by the inadequate record in this case. In passing upon the claim raised, a reviewing court should have the documents before it which allow the court to match the medical staff committee's function with the specifications of the statute; the record in this case is completely deficient. *Matchett v. Superior Court for the County of Yuba,* 40 Cal. App.3d 623, 115 Cal.Rptr. 317 (1974).

■ The information considered by the committees is subject to subpoena except where a medical legal panel is formally available. If such a panel is available, the information is given only to it. The panel is defined in A.R.S. § 36–445.01(C) as comprising an equal number of attorneys and physicians to review alleged medical malpractice claims.

Pima and Maricopa Counties each have established such a panel. We need not

consider whether such a panel may review negligence claims against a hospital founded on an allegation of medical malpractice on the part of one of its staff doctors because we agree with the finding of the trial judge that the filing of a lawsuit precluded the use of the panel. While the statute is clearly written to encourage the use of the panel by potential parties, its utilization is not mandated and Misevch chose the alternative of directly proceeding with his suit.

A medical-legal panel not being available, the *information considered* by the committee is, in accord with A.R.S. § 36–445.01(A):

".  .  .  subject to subpoena but shall be delivered by the custodian only to the judge in a judicial proceeding, who shall review such information."

Any information disclosed to the parties in the discretion of the judge shall only be disclosed in accord with the physician-patient privilege set forth in A.R.S. § 12–2235 and A.R.S. § 36–445.03. Evidence privileged within the statute remains privileged even if transcribed into hospital records or the privilege would be meaningless. *Tucson Medical Center Inc. v. Rowles,* 21 Ariz. App. 424, 520 P.2d 518 (1974). Concomitantly, when neither the physician nor the patient has an interest in the proceedings, the hospital has standing to assert the privilege to protect the absent patient. *Tucson Medical Center, Inc. v. Rowles, supra; Boddy v. Parker,* 45 A.D.2d 1000, 358 N. Y.S.2d 218 (1974).

A Nebraska statute[1] and a California statute[2] have been cited to us which provide that the information given to the medical staff and review committees is entirely privileged. The Arizona Legislature has, however, made such material available in the discretion of the judge, subject to the physician-patient privilege. A.R.S. § 36– 445.01(A), § 36–445.03, § 12–2235. The Arizona statute should not, however, discourage the full and frank giving of information to a review committee as was apparently feared in other states in light of A.R.S. § 36–445.02 which provides that:

"A person who without malice and in good faith . . . furnishes any records, information or assistance to [a review] committee is not subject to liability for civil damages or any legal action in consequence thereof."

Statements made immediately after an occurrence are unique and can never be duplicated precisely. *Jolly v. Superior Court of Pinal County,* 112 Ariz. 186, 540 P.2d 658 (1975). The trial judge will make the proper determination of relevancy. A.R.S. § 36–445.01.

We make the distinction that was made in another context in *Jolly v. Superior Court, supra,* that the proper demarcation is between purely factual, investigative matters and materials which are the product of reflective deliberation or policy-making processes. Statements and information considered by the committee are subject to subpoena for the determinations of the trial judge, but the reports and minutes of the medical review committees are not. *Gillman v. United States,* 53 F.R.D. 316 (S.D.N.Y.1971). This has been established by the Arizona Legislature as a matter of public policy in this state. The statute only permits the subpoena of "information considered by the committees" but does not refer to the minutes and reports of those committees. A.R.S. § 36–445.01(A). This is in accord with statutes in other states and a series of medical malpractice cases. *E. g., Matchett v. Superior Court, supra; Oviatt v. Archbishop Bergan Mercy Hospital,* 191 Neb. 224, 214 N.W.2d 490 (1974); *Gillman v. United States, supra; Bredice v. Doctors Hospital, Inc.,* 50 F.R.

---

1. Rev.Stats.Neb. § 71–2048.

2. Calif.Evid.Code § 1157. The statute overrules *Kenney v. Superior Court,* 255 Cal.App. 2d 106, 63 Cal.Rptr. 84 (1967). *Matchett v. Superior Court, supra.*

D. 249, 51 F.R.D. 187 (D.D.C.1970), *aff'd*, 479 F.2d 920 (D.C.Cir. 1973). The protection is justified by the overwhelming public interest in maintaining the confidentiality of the medical staff meetings so that the discussion can freely flow to further the care and treatment of patients. *Bredice v. Doctors Hospital, Inc., supra.*

In a hospital accredited by the Joint Commission on Accredited Hospitals (JCAH),[3] the medical staff is responsible to the governing body of the hospital for the quality of hospital patient care. It therefore evaluates the qualifications of applicants and members to hold staff privileges and recommends curtailment and exclusion when necessary. JCAH, *Accreditation Manual for Hospitals*. Bearing the delegated responsibility for review, the candor of the members is necessary in the consideration of their colleagues' skills towards objectively regulating privileges, and the quality of treatment so depends. *Matchett v. Superior Court, supra; see* A.R.S. § 36–445.01(A), § 36–445.02.

"Confidentiality is essential to effective functioning of these staff meetings; and these meetings are essential to the continued improvement in the care and treatment of patients. Candid and conscientious evaluation of clinical practices is a *sine qua non* of adequate hospital care. To subject these discussions and deliberations to the discovery process, without a showing of exceptional necessity, would result in terminating such deliberations. Constructive professional criticism cannot occur in an atmosphere of apprehension that one doctor's suggestion will be used as a denunciation of a colleague's conduct in a malpractice suit." *Bredice v. Doctors Hospital, Inc.,* 50 F.R.D. at 250.

Furthermore, the medical review of a procedure is not a part of current patient care, but is a retrospective discussion of treatment and, absent extraordinary circumstances, there is no good cause for disclosure in light of the considerable public interest to the contrary. *Bredice v. Doctors Hospital, Inc., supra.*

The case is remanded for proceedings not inconsistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

3. This organization is sufficiently respected that the director of the state department of health services uses its standards as guidelines in prescribing minimum requirements for health care institutions pursuant to statute. A.R.S. § 36–405(A).