572 P.2d 120

**Guillermo MARTINEZ, Petitioner,**

v.

**The Honorable Norman S. FENTON, Judge of the Superior Court, IN AND FOR PIMA COUNTY, Respondent,**

and

**Bruce PARSIL, Real Party in Interest.**

**No. 2 CA–CIV 2757.**

Court of Appeals of Arizona, Division 2.

Nov. 16, 1977.

Norman R. Freeman, Tucson, for petitioner.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

This special action challenges a ruling of the respondent court quashing a subpoena duces tecum served upon the assistant director of the conciliation court. Since we consider appellate intervention appropriate, we assume jurisdiction.

Petitioner was involved in an automobile accident on July 9, 1976, and a superior court action to recover for his injuries is pending. Part of his claim for damages is that his relationship with his wife deteriorated as a result of numerous permanent, disfiguring scars caused by the accident. In June 1977, petitioner filed a petition for dissolution of marriage and, subsequent thereto, invoked the jurisdiction of the conciliation court in an attempt to effect a reconciliation.

Petitioner intends to subpoena the conciliation court counselor to testify at the trial of his personal injury action. He and his spouse each executed a formal release authorizing the counselor to furnish his attorney any information or opinion he might request regarding petitioner's past or present mental, emotional or physical condition and treatment and to allow the attorney to see a copy of any records the counselor might have regarding petitioner's past or present condition or treatment. The release also recited:

"I hereby waive, in favor of my attorney, any and all confidential or privileged communications, documents or other materials."

On October 20, 1977, the respondent court quashed the subpoena issued to the conciliation counselor which would have required his presence at the office of petitioner's attorney for the purpose of taking his deposition and to produce all documents, records, reports and/or notes concerning conciliation services rendered to petitioner.

The minute entry recited that the court on its own motion, at the request of the counselor, and pursuant to A.R.S. § 25–381.16, "which makes confidential all communications and conferences in the Conciliation Court," was quashing the subpoena. Petitioner's subsequent motion to set aside the order quashing the subpoena was denied.

A.R.S. § 25–381.16(D) provides:

"Hearings or conferences conducted pursuant to this article for the purpose of effecting a reconciliation of the spouses or an amicable adjustment or settlement of issues shall be held in private, and the court shall exclude all persons except the officers of the court, the parties, their counsel and witnesses. Hearings or conferences may be held with each party and his counsel separately and, in the discretion of the judge, commissioner or counselor conducting the hearing or conference, counsel for one party may be excluded when the adverse party is present. *All communications, verbal or written, from the parties to the judge, commissioner or counselor in a proceeding under this article shall be deemed confidential communications, and shall not be disclosed without the consent of the party making such communication.*" (Emphasis added).

We see from the wording of the statute that the privilege belongs to the party making the communication. When, as here, the statute concerns confidential communications, only the communications are privileged. Udall, Arizona Law of Evidence, § 91. A privilege as to confidential communications belongs to the person making the communication and when that person waives the privilege, the privileged matter is no longer protected. *Gordon v. Industrial Commission*, 23 Ariz.App. 457, 533 P.2d 1194 (1975). Here there was an express waiver by both petitioner and his wife in writing, a clear manifestation of their consent to disclosure. Although under some circumstances a privilege may be asserted by another, in the absence of the person entitled to assert the privilege, see e.

**294**

g., *Tucson Medical Center, Inc. v. Misevch*, 113 Ariz. 34, 545 P.2d 958 (1976); *State v. Macumber*, 112 Ariz. 569, 544 P.2d 1084 (1976), such was not the situation here. Thus, in the face of the express consent to disclosure by both spouses, neither the conciliation counselor nor the respondent judge has standing to assert the privilege.

As noted in Udall, § 102, a great number of Arizona statutes and rules make certain types of court records absolutely or conditionally privileged. There is no such statutory provision or court rule as to the conciliation court.[1]

For the foregoing reasons, the respondent court erred in quashing the subpoena. The issuance of this opinion will constitute a mandate to the respondent court to vacate its order.

HOWARD, C. J., concurs.

---

1. Rule XVIII, Local Rules of Pima County Superior Court, 17A, A.R.S., deals with conciliation court. Subsection (g) provides:

   "Communications, either oral or written, between a party to a conciliation proceeding and the conciliation court shall be confidential and shall not be divulged to third persons except by order of the court."

NOTE: Pursuant to stipulation by counsel in open court, this cause was submitted to and decided by two judges.