OPINION OF THE COURT
Lawrence E. Kahn, S.
In this contested probate proceeding, objectant has moved for a protective order pursuant to CPLR 3103 seeking to vacate a certain demand for witnesses served by proponent. Objectant contends that the relief sought in. the demand goes far beyond that permitted by statute, and further maintains that the information now sought to be adduced by the proponent is an attempt to circumvent the decisions of this court, *204 rendered in connection with the proponent’s two prior preclusion motions.
Initially, the proponent sought in her demand for a bill of particulars, information concerning "when”, "where”, and "by whom” undue influence was allegedly exercised upon the decedent herein, the late Daniel P. O’Connell. The proponent also demanded to know the specific act or acts alleged to have constituted and effected said undue influence. This court, in its initial decision directed that this information be furnished. Subsequently, a further bill was provided and proponent again sought a preclusion order, based primarily on certain technical defects in the verification thereof. We held that the further bill sufficiently and properly met the proponent’s demand and the prior order of this court. Thereafter, on August 1, 1978 the proponent served the within demand for witnesses from which the objectant now seeks relief.
This latest demand requests the following information: "1. The name and address of each witness to every act or acts by the proponent, Alan Boyle or Donald Lynch, commencing in 1970, by reason of which they allegedly ingratiated themselves to the decedent setting forth opposite each witness’ name, the nature of the act or acts of ingratiation, the date, time and place of its occurrence.
2. The name and address of each witness to the fact that the decedent was influenced and controlled by the proponent Alan Boyle or Donald Lynch setting forth opposite each witness’ name the circumstances demonstrating such undue influence and control and the date, time and place it was observed to have occurred.”
A demand for the names and addresses of witnesses is made pursuant to CPLR 3101 under the broad statutory directive that "there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof’. The statute previously had general application in negligence and other tort-related actions. Recently, however, our courts have greatly expanded the rights of litigants under this section in an effort to further liberalize the rules with regard to pretrial discovery. (See Zellman v Metropolitan Transp. Auth., 40 AD2d 248.) The rationale behind this expansion was clearly stated in Zayas v Morales (45 AD2d 610). " 'Justice is better served, the trial of cases expedited and the possibilities of perjury concomitantly reduced if there is disclosure of the names of the eyewitnesses *205 to be called. This does not, of course, apply to the statements of such witnesses, for they are truly material prepared for litigation’ ” (p 612). (See, also, Gates v Baker, 74 Misc 2d 891.)
As this liberalizing trend has developed, the Surrogate’s Courts have been called upon to interpret and regulate the use and availability of this statute. A most pertinent authority is Matter of Zalaznick (86 Misc 2d 190), wherein Surrogate Gelfand in construing the statute, held in an accounting proceeding, that: "It is now well established that the names and addresses of witnesses to an event or an occurrence which will be in issue at a trial are discoverable” (p 190).
This court holds that the same rationale applies equally as well in a contested probate proceeding where the issue will be the existence or nonexistence of alleged undue influence and the proponent seeks the names and addresses of all persons who are witnesses to the events alleged. The primary goal of our legal system is to seek truth, and this can only be achieved by eliminating such elements as unnecessary surprise and secrecy. However, the proponent’s demand goes beyond requesting the names of such witnesses and further requests what each of said witnesses observed at what time and place. To that extent the demand exceeds the limits of permissible discovery.
Accordingly, the objectant is directed to provide proponent with the names and addresses of any witnesses to the alleged undue influence as contained in the demand within 10 days of the service of the order herein and all other inquiries contained in said demand are hereby dismissed.