OPINION OF THE COURT
Lawrence J. Bracken, J.
Motion by the plaintiff for an order: "for discovery and inspection of the name of the patient occupying Room 206 at *608 Southside Hospital, at or about the time of the admission of Virginia Marie King, plaintiff herein and for an order permitting the release of the hospital record of this same patient which is now held, sealed, by Mr. Justice Bracken for the purpose of analysis and use at the forthcoming trial of this action now scheduled for June 23, 1980” is determined as follows.
The plaintiff developed a postoperative infection, the source of which, she alleges, was a bacterial infection in the leaking colostomy of a nonparty patient who shared the hospital room with the plaintiff. It appears that the plaintiff and her two sisters, who visited the plaintiff in the hospital room at the time of the alleged malpractice, observed the allegedly leaking colostomy of the said nonparty patient. Although not before this court for determination, it appears that such lay witnesses may be competent to testify to observing the nonparty patient with the alleged condition in the adjoining bed.
The question presented by this motion is whether the physician-patient privilege of CPLR 4504 (subd [a]) and sections 17, 2803-c (subd 3, pars b, f) and 2805-g (subd 3) of the Public Health Law prevents disclosure to the plaintiff of the hospital records, including but not limited to laboratory examination reports of a nonparty who was a patient occupying a second bed in the same hospital room occupied by the plaintiff in this malpractice action. The additional question presented by this motion is whether the disclosure of the patient’s name in the circumstances presented violates the sections of the CPLR and Public Health Law.
The defendant hospital submits that all portions of the hospital record relating to the identity of nonparty patients, as well as all portions of the record relating to diagnosis, prognosis and/or treatment afforded said individuals, are statutorily privileged. This court determines that the hospital records, including but not limited to the laboratory examination reports, of the nonparty patient are privileged, and the plaintiff has demonstrated no circumstances which shall serve to overcome such privilege. It is not disputed that the non-party patient, or her estate if she is deceased, has not waived the privilege. It is not disputed that the privilege belongs to the patient and is not terminated by the patient’s death.
Appellate decisions have consistently denied discovery of the medical records of nonparty patients to whom a defendant in a medical malpractice action has given treatment similar to *609 that allegedly injuring a plaintiff (Boddy v Parker, 45 AD2d 1000). Further, a hospital may not disclose the names and addresses of said nonparty patients (Boddy v Parker, supra).
The nature of plaintiff’s claim is based upon the permitting by the defendants of the plaintiff to be placed in close proximity to an apparent bacterial infection, which said bacterial infection was transmitted to plaintiff by virtue of the alleged negligent treatment on the part of defendants. There is little doubt that the disclosure of the name and address of the nonparty who shared the hospital room with the plaintiff is essential to plaintiff establishing her cause. This is so since the testimony of the medical expert for plaintiff cannot be based upon supposition or speculation but must rest in relevant direct or circumstantial evidence. It is essential, therefore, that plaintiff first establish that such nonparty witness occupied the hospital room as at the time plaintiff was in such room. In addition, this court views such nonparty as a potential witness to the alleged occurrence of malpractice claimed by plaintiff, as well as being the possible carrier or source of the alleged bacterial infection allegedly transmitted to plaintiff (McMahon v Hayes-73rd Corp., 197 Misc 318).
The names and addresses of witnesses to an accident or having first-hand knowledge of its occurrence are discoverable (Zellman v Metropolitan Transp. Auth., 40 AD2d 248). The event itself can reasonably be regarded as embracing all of those who witnessed at first hand any element that reflects on the liability of the case. Thus, the identity of a witness who would testify to a defective condition which was allegedly the competent producing cause of the accident is disclosable (Zayas v Morales, 45 AD2d 610). The disclosure of the names of witnesses to the treatment given the patient is also required under the Zellman holding (Wilson v McCarthy, 57 AD2d 617).
Application of CPLR 3101 requires disclosure in a will contest of the names and addresses of all persons who were witnesses to alleged undue influence (Matter of O’Connell, 96 Misc 2d 203). See, also, O’Dea v City of Albany (27 AD2d 11) for the proposition that a party is entitled to the name and address of an active participant to an incident. See, also, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101, C3101:41, C3101:42, wherein Professor David D. Siegel concludes that "the event itself’ should not be construed too narrowly.
Accordingly, plaintiff’s motion seeking discovery of all the *610 records relating to the nonparty witness occupying the bed adjoining that of the plaintiff during the period of alleged negligent malpractice by defendants of said plaintiff is denied upon the ground that such records are unqualifiedly privileged under the physician-patient privilege, for such privilege has not been waived by the said nonparty. This court, however, directs the defendant Southside Hospital to furnish the said plaintiff and the defendants doctors the name and address of the patient occupying Room 206 at Southside Hospital at or about the time of admission of the plaintiff herein, within five days after receipt of a copy of this order, upon the basis that such nonparty may be a witness to the alleged occurrences of which plaintiff complains.
Plaintiff’s motion and defendants’ cross motion are in all other respects denied.