## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Ida Mae Carter

v.

Jefferson Memorial Hospital Corp.

July 8, 1982

Case No. (Law) 6998

By JUDGE ALBERT H. GRENADIER

This case came on to be heard upon the plaintiff's motion for judgment and the demurrer filed by the defendant. The plaintiff alleges in her motion for judgment that the defendant hospital failed to exercise reasonable care in appointing an incompetent physician to its medical staff and in granting him orthopedic surgical privileges. The defendant states in its demurrer that the motion for judgment fails to state a cause of action and that the defendant is not liable for the negligent acts of a physician/independent contractor.

As authority for its position on the demurrer the defendant relies upon the decisions in *Hill* v. *Leigh Memorial Hospital, Inc., et al.,* 204 Va. 501 (1963), and *Stuart Circle Hospital Corp.* v. *Curry,* 173 Va. 136 (1939). In *Hill* the court held that in Virginia a charitable hospital has, as to its patients, an immunity from liability for negligence, unless it has failed to use due care in the selection and retention of its employees. The facts in *Hill* are clearly distinguishable from the facts in this case. In this case we are not dealing with a charitable hospital, nor with an employee. Still, the court held that even a charitable hospital must use reasonable care in the selection and retention of its employees.

In *Stuart Circle* a patient sued the hospital for negligence in the performance of medical and nursing services by an intern and a nurse, both of whom were employed by the hospital. In affirming a verdict for the plaintiff, the court stated that although a hospital is generally not responsible for the acts of an attending physician, whether a member of its staff or an outsider, on the theory that he is an independent contractor, when the physician is employed by the hospital he is not an independent contractor as far as the patient is concerned, and the hospital is liable for his negligence.

It is the opinion of the Court that *Hill* and *Stuart Circle* are not dispositive of the basic issue involved in this case. In this case the plaintiff is not claiming that the defendant is vicariously liable for the negligence of the physician under the theory of *respondeat superior.* Rather, the plaintiff's claim is founded on the theory that the hospital owes a duty to its patients to use due care in the selection of its medical staff, in the granting of specialized surgical privileges, and in reviewing the performance and competence of its medical staff. The underlying concept is foreseeability, that it was reasonably forseeable that the hospital may cause harm or present an unreasonable danger to its patients by its failure to exercise reasonable care in the performance of these duties.

There appear to be no reported cases in Virginia dealing squarely with the issue before the Court in this case, i.e., whether the defendant hospital owes a duty to its patients to exercise reasonable care to permit only competent medical doctors the privilege of using their facilities. Under such circumstances we must look for guidance to general principles of law as well as decisions of other jurisdictions.

Jurisdictions which have considered this question have held that such a duty exists, even if the physician is an independent contractor and not an employee of the hospital. See *Johnson* v. *Misericordia Community Hospital, et al.,* 99 Wisc. 2d 708, 301 N.W.2d 156 (1981); *Purcell* v. *Zimbelman,* 18 Ariz. App. 75, 500 P.2d 335 (1972); *Tucson Medical Center, Inc.* v. *Misevch,* 113 Ariz. 34, 545 P.2d 958 (1976); *Mitchell County Hospital Authority* v. *Joiner,* 125 Ga. App. 1, 186 S.E.2d 307, *aff'd* 229

Ga. 140, 189 S.E.2d 412 (1971); *Ferguson* v. *Gonyaw*, 64 Mich. App. 685, 236 N.W.2d 543 (1976); *Darling* v. *Charleston Community Memorial Hospital*, 33 Ill. 2d 326, 211 N.E.2d 253, *cert. denied* 383 U.S. 946, 86 S.Ct. 1204, 16 L. Ed. 2d 209 (1965); *Kitto* v. *Gilbert, et al.*, 39 Colo. App. 374, 570 P.2d 544 (1977); *Corleto* v. *Shore Memorial Hospital, et al.*, 138 N.J. Super. 302, 350 A.2d 534 (1975); *Bost* v. *Riley*, 44 N.C. App. 638, 262 S.E.2d 391 (1980).

In *Ferguson* the court held that one of a hospital's primary functions is to screen its staff of physicians to "insure" that only competent physicians are allowed to practice in the hospital. In *Bost* the court said that if a patient at a modern-day hospital has the reasonable expectation that the hospital will attempt to cure him, it seems axiomatic that the hospital have the duty to make a reasonable effort to monitor and oversee the treatment which is prescribed and administered by physicians practicing at the facility. In *Johnson* the court held that a hospital has a direct and independent responsibility to its patients, over and above that of physicians and surgeons practicing therein, to take reasonable steps to (1) insure that its medical staff is qualified for the privileges granted and/or (2) to evaluate the care provided. In *Misevch* and *Purcell* the court found that the hospital had the duty of supervising the competence of doctors on their staffs and can be held liable for negligently performing this duty.

The Court is impressed with the rationale expressed in these cases and is of the opinion that the defendant hospital in this case has a duty to exercise reasonable care to insure the competence of its medical staff and to adequately supervise the care provided in the hospital by those staff physicians.

The defendant argues that it is somehow unfair to impose this kind of responsibility upon the hospital because the hospital may be subject to potential liability for refusing to grant staff privileges to a physician applicant. This argument is without merit. No hospital is required to grant staff privileges to every physician who applies, regardless of his qualifications. All that is required of the hospital is that it treat all applicants fairly and equally and refrain from acting in restraint of trade. The protection of the health and safety of the

hospital's patients must be of more concern to the courts than the possibility of a lawsuit brought by a disgruntled physician whose application for staff privileges has been denied.

The Court will overrule the defendant's demurrer and require it to file its grounds of defense to the motion for judgment within 21 days from the date of this letter opinion.