ON REHEARING EX MERO MOTU
The original opinion of November 8, 1991, is withdrawn and the following is substituted therefor. *Page 668 
Clakey V. Traffanstedt consulted Dr. Thomas G. Holmes, a board certified neuro-surgeon practicing in Muscle Shoals, on August 18, 1987, after suffering back, shoulder, and neck pain for several years. After examining Traffanstedt and after having two diagnostic tests performed on him, Dr. Holmes concluded that Traffanstedt suffered from cervical nerve root compression on the left side of his body and recommended that Traffanstedt undergo a delicate procedure known as an anterior cervical discectomy and fusion. Traffanstedt consented to the operation, which Dr. Holmes performed at Humana Hospital Shoals, where he had staff privileges, on September 2, 1987.
Immediately following the surgery, Traffanstedt experienced temporary paralysis and, for several months after the surgery, required physical therapy. According to his complaint, Traffanstedt continues to experience loss of feeling over his entire body, weakness in his limbs, and a "severe shocking sensation" throughout his entire body when he lowers his head.
Traffanstedt sued Humana, Inc.; Humana Medical Corporation of Alabama, doing business as Humana Hospital Shoals (hereinafter referred to as "Humana Hospital"); and Helen B. Holmes, executrix of the estate of Dr. Holmes, who had died on November 15, 1987.[1] Although Traffanstedt alleged several grounds in his complaint, as amended,[2] the case was submitted to the jury against Humana Hospital on the claims alleging negligent and wanton failure to monitor and supervise Dr. Holmes and the claims against Dr. Holmes's estate alleging negligent performance of the operation and negligent failure to obtain Traffanstedt's informed consent. The court had denied the defendants' motions for separate trials. The jury returned a verdict in favor of Dr. Holmes's estate but returned a verdict against Humana Hospital and awarded Traffanstedt $3,485,000 in compensatory and punitive damages. Humana Hospital appeals, and Traffanstedt cross-appeals.
Humana Hospital argues, among other things, that the verdicts are inconsistent. In that regard, Humana Hospital argues that the following jury instruction was erroneous:
 "The Court further charges the jury that you may return a verdict in favor of Helen Holmes as executrix of the estate of Dr. Thomas Holmes even though you decide to return a verdict in favor of the Plaintiff, Clakey Traffanstedt, against Humana Hospital Shoals."
Humana Hospital objected to the giving of this charge and later moved for a J.N.O.V. or, in the alternative, a new trial, alleging that the verdicts were inconsistent. Its objection was overruled and its later motion was denied.
We begin by noting that Dr. Holmes was not an employee or agent of Humana; thus, Humana could not be liable under a respondeat superior theory. There is, however, a growing trend in other jurisdictions to hold hospitals liable in such situations under the "corporate liability" theory, which was enunciated in Darling v. Charleston Community MemorialHospital, 33 Ill.2d 326, 211 N.E.2d 253 (1965), cert. denied,383 U.S. 946, 86 S.Ct. 1204, 16 L.Ed.2d 209 (1966). See Pedrozav. Bryant, 101 Wn.2d 226, 677 P.2d 166 (1984); Tucson MedicalCenter, Inc. v. Misevch, 113 Ariz. 34, 545 P.2d 958 (1976);Elam v. College Park Hosp., 132 Cal.App.3d 332, 183 Cal.Rptr. 156
(1982); Kitto v. Gilbert, 39 Colo. App. 374,570 P.2d 544 (1977); Joiner v. Mitchell County Hosp. Auth.,125 Ga. App. 1, 186 S.E.2d 307 (1971), aff'd, 229 Ga. 140, 189 S.E.2d 412
(1972); Ferguson v. Gonyaw, 64 Mich. App. 685, 236 N.W.2d 543
(1975); Gridley v. Johnson, 476 S.W.2d 475 (Mo. 1972); Foley v.Bishop Clarkson Memorial Hosp., 185 Neb. 89, 173 N.W.2d 881
(1970); Moore v. *Page 669 Board of Trustees of Carson-Tahoe Hosp., 88 Nev. 207,495 P.2d 605, cert. denied, 409 U.S. 879, 93 S.Ct. 85, 34 L.Ed.2d 134
(1972); Corleto v. Shore Memorial Hosp., 138 N.J. Super. 302,350 A.2d 534 (1975); Felice v. St. Agnes Hosp., 65 A.D.2d 388,411 N.Y.S.2d 901 (1978); Bost v. Riley, 44 N.C. App. 638,262 S.E.2d 391, disc. rev. denied, 300 N.C. 194, 269 S.E.2d 621
(1980); Utter v. United Hospital Center, Inc., 160 W. Va. 703,236 S.E.2d 213 (1977); Johnson v. Misericordia Community Hosp.,99 Wis.2d 708, 301 N.W.2d 156 (1981). See, also, Annot., 12 A.L.R.4th 57 (1982) and Note, 11 Wm. Mitchell L.Rev. 561 (1985).
That theory has been described as follows:
 "The liability of the hospital is based on its independent negligence in appointing to its medical staff a physician who is incompetent or otherwise unfit, or in failing to properly supervise members of its medical staff. The action is not one in which the hospital is sought to be held vicariously liable for the negligence of a staff physician. The distinction between a hospital's negligence in selecting or supervising its medical staff ('corporate negligence' is the term commonly used) and vicarious liability for the negligence of its employees is important because, typically, physicians on the staff of a hospital are considered independent contractors rather than employees. Therefore, vicarious liability does not attach to a hospital for the negligent acts of medical staff members."
8 Causes of Action 427, 431 (1985).
Implicit in those cases applying the corporate liability theory is the requirement that some underlying negligent act, either that of the physician whose treatment of the patient caused the injury or that of another staff member, be established before the hospital can be held liable. See, e.g.,Elam v. College Park Hospital, supra (hospital is liable to patient under doctrine of corporate negligence for negligent conduct of independent physicians and surgeons even though they are neither employees nor agents of hospital); Johnson v.Misericordia Community Hospital, supra (although doctor, after settling with plaintiff, was no longer party to action, question of whether he was negligent in performance of operation remained an issue at trial because "it was incumbent upon the plaintiff to prove that [the doctor] was negligent . . . to establish a causal relation between the hospital's alleged negligence . . . and [the plaintiff's] injuries,"99 Wis.2d at 711, 301 N.W.2d at 158); and Crumley v. Memorial Hospital,Inc., 509 F. Supp. 531 (E.D.Tenn. 1978), affirmed, 647 F.2d 164 (6th Cir. 1981) (if health care provider does not use due care in selection of physician, such provider is liable for subsequent negligence or malpractice of physician chosen).
Applying that theory to this case, it is apparent that the verdicts are inherently inconsistent from a proximate cause standpoint. Before Humana may be held liable, a jury must find that Dr. Holmes was negligent when he operated on Traffanstedt. We hold, therefore, that the trial court erred in charging the jury that it could simultaneously return a verdict in favor of Dr. Holmes's estate and against Humana Hospital. Thus, the judgment is reversed and the cause is remanded for a new trial with regard to both defendants. See Barnes v. Oswalt,579 So.2d 1319 (Ala. 1991), and Underwriters National Assurance Co. v.Posey, 333 So.2d 815 (Ala. 1976). Discussion of the other issues raised on appeal is, therefore, pretermitted.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
[1] A summary judgment was entered for Humana, Inc., on August 6, 1990; it is not a party to this appeal.
[2] In his amended complaint, Traffanstedt added Mutual Assurance, Inc., as a defendant, alleging negligent issuance of insurance to Dr. Holmes. A summary judgment was entered for Mutual Assurance, Inc., on July 30, 1990; it is not a party to this appeal. *Page 670