HOUSTON, Justice.
Angela Golden sued Dr. Daniel S. Stein, alleging that Dr. Stein had negligently, wantonly, fraudulently, and without informed consent performed an unnecessary gynecological laser procedure on her at the Autauga Medical Center. She also sued Autauga Medical Center, Inc., which operated the Au-tauga Medical Center, basing her claim on a corporate liability theory. Her husband, Ralph Golden, brought a derivative loss-of-consortium claim against both defendants. *419 Dr. Stein moved for, and was granted, a summary judgment as to all claims. Subsequently, Autauga Medical Center moved for, and was granted, a summary judgment as to the claims against it, after the plaintiffs had already filed a notice of appeal with this Court challenging the summary judgment for Dr. Stein.
In granting Autauga Medical Center’s motion for summary judgment, the trial court stated:
“Defendant Autauga Medical Center submitted its Motion for Summary Judgment supported by an affidavit from Defendant Dr. Daniel Stein [stating] that he did not breach the standard of care.... Plaintiffs submitted an affidavit from Dr. Monica Jones in opposition to the Defendant’s motion_ The affidavit of Dr. Monica Jones does not provide sufficient expert testimony to present substantial evidence to support Plaintiffs’ position and create a genuine issue of material fact....
Even assuming that [the] Plaintiffs [could] develop evidence to support a corporate liability theory against Autauga Medical Center, there is still a requirement that some underlying negligent act be established before the hospital can be [held] liable. Humana Medical Corp. of Alabama v. Traffanstedt, 597 So.2d 667 (Ala.1992). Plaintiffs have not submitted substantial evidence of any underlying negligent act by Dr. Daniel S. Stein which proximately caused injury to the Plaintiffs....”
In Golden v. Stein, 670 So.2d 904 (Ala.1995), the companion case to this appeal, we affirmed in part and reversed in part the summary judgment for Dr. Stein. We reversed the summary judgment only “insofar as it relates to Angela Golden’s claim alleging that Dr. Stein negligently performed unnecessary surgery and insofar as it relates to Ralph Golden’s derivative claim alleging loss of consortium.” Golden, 670 So.2d at 908. The plaintiffs argue that, because of our earlier decision reversing in part Dr. Stein’s summary judgment, the summary judgment for Autauga Medical Center, Inc., must also be reversed.
The trial judge based Autauga Medical Center’s summary judgment solely on his earlier conclusion that the Goldens had failed to support any of their claims against Dr. Stein with substantial evidence, after Dr. Stein had made an affirmative showing of nonliability and had thereby shifted the burden under Rule 56, Ala.R.Civ.P., to the Gold-ens “to present [substantial] evidence creating a genuine issue of material fact.” Bird v. Auto Owners Ins. Co., 572 So.2d 394, 396 (Ala.1990). The trial judge correctly recognized that a claim against a hospital for the alleged wrongful acts of a doctor associated with the hospital, based upon a “corporate liability” theory, must fail if the plaintiff cannot present substantial evidence tending to establish the doctor’s underlying individual liability. Humana Medical Corp. of Alabama v. Traffanstedt, 597 So.2d 667, 669 (Ala.1992). Because this Court has determined that the Goldens have at least initially presented substantial evidence as to one of their claims, we must likewise hold that the trial court erred in entering the summary judgment for Autauga Medical Center, Inc., based upon its erroneous conclusion that the Goldens had failed to support any of their underlying claims against Dr. Stein with substantial evidence.
We agree with the arguments of counsel for Autauga Medical Center that the record before us contains no evidence supporting the plaintiffs’ “corporate liability” theory. Counsel correctly points out that a “corporate liability” theory is not based upon respondeat superior, but requires the plaintiff to produce substantial evidence tending to show some “independent negligence [on the part of the hospital] in appointing to its medical staff a physician who is incompetent or otherwise unfit, or in failing to properly supervise members of its medical staff.” Humana Medical Corp. of Alabama v. Traffanstedt, 597 So.2d at 669 (quoting 8 Causes of Action 427, 431 (1985)). However, because Autauga Medical Center failed to “make a[n affirmative] prima facie showing [to the trial court] that no genuine issue of material fact exist[ed]” as to the issues of whether it exercised due care in deciding to add Dr. Stein to its staff and whether it *420 exercised due care in supervising Dr. Stein, choosing instead to base its summary judgment motion solely upon the argument that the plaintiffs had not produced substantial evidence supporting any of their claims against Dr. Stein, we must reverse the summary judgment for Autauga Medical Center. Bird, 572 So.2d at 396.[1]
REVERSED AND REMANDED.
HOOPER, C.J., and INGRAM, COOK, and BUTTS, JJ., concur.

. Because we determine that Autauga Medical Center's sufficiency-of-the evidence argument as to the Goldens' "corporate liability” theory is not properly before us at this time, we will not address the Goldens' argument that the trial court erred in failing to grant their Rule 56(f), Ala.R.Civ.P., request for a stay of the trial court's decision on Autauga Medical Center's summary judgment motion.