IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

————————

**THOMAS KOPP, ET AL.,**
*Plaintiffs/Appellants,*

*v.*

**PHYSICIAN GROUP OF ARIZONA, INC., ET AL.,**
*Defendants/Appellees.*

————————

**MELISSA ORNELAS,**
*Plaintiff/Appellant,*

*v.*

**PHYSICIAN GROUP OF ARIZONA, INC., ET AL.,**
*Defendants/Appellees.*

————————

**MARIA JUDITH GONZALEZ, ET AL.,**
*Plaintiffs/Appellants,*

*v.*

**PHYSICIAN GROUP OF ARIZONA, INC., ET AL.,**
*Defendants/Appellees.*

————————

No. CV-17-0222-PR
Filed July 9, 2018

————————

Appeal from the Superior Court in Maricopa County
The Honorable David M. Talamante, Judge
Nos. CV2011-098899; CV2012-092733; CV2012-092734
**REVERSED**

Memorandum Decision of the Court of Appeals, Division One
Nos. 1 CA-CV 16-0227; 1 CA-CV 16-0228; 1 CA-CV 16-0232 (Consolidated)
Filed June 8, 2017
**VACATED**

_____

COUNSEL:

H. Michael Wright, Lincoln M. Wright, Udall Shumway, P.L.C., Mesa; and J. Robert Tolman (argued), Tolman Law Firm, Tempe, Attorneys for Thomas Kopp, et al.

John J. Checkett (argued), James G. Bennett, The Checkett Law Firm, PLLC, Scottsdale; and Kevin R. Myer, Campbell, Yost, Clare & Norell, P.C., Phoenix, Attorneys for IASIS Healthcare Corporation, IASIS Healthcare Holdings, Inc., and IASIS Finance, Inc.

Stanley G. Feldman, Miller, Pitt, Feldman & McAnally, P.C., Tucson; and David L. Abney (argued), Ahwatukee Legal Office, P.C., Phoenix, Attorneys for Amicus Curiae Arizona Association for Justice/Arizona Trial Lawyers Association

_____

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE BRUTINEL and JUSTICES PELANDER, TIMMER, BOLICK, GOULD, and LOPEZ joined.

_____

CHIEF JUSTICE BALES, opinion of the Court:

¶1 Nearly seventy-five years ago, we held in *DeGraff v. Smith* that a dismissal with prejudice is a judgment on the merits that carries preclusive effect. 62 Ariz. 261, 269-70 (1945). We today hold that a stipulated dismissal with prejudice of an agent-surgeon does not preclude a party from asserting a claim against the surgeon's principal for its own independent negligence. This is true even when the independent negligence claim requires proof of the surgeon's negligence. This conclusion comports with our more recent holding in *Chaney Building Co. v. City of Tucson* that a stipulated dismissal does not trigger issue preclusion because only issues that have been "actually litigated" may be precluded. 148 Ariz. 571, 573 (1986). Thus, we disavow our holding in *DeGraff* insofar as that case and its progeny conclude that a stipulated dismissal with prejudice "operate[s] as an adjudication that [the dismissed party] was not negligent in the treatment of [the] plaintiff." *Torres v. Kennecott Copper Corp.*, 15 Ariz. App. 272, 274 (1971).

**I.**

¶2        Thomas Kopp, Melissa Ornelas, and Maria Judith Gonzalez (collectively, "Plaintiffs") underwent bariatric surgery performed by Dr. Eric Schlesinger, M.D., at Tempe St. Luke's Hospital.  After experiencing post-operative complications, Plaintiffs filed medical malpractice actions against Physician Group of Arizona, IASIS Healthcare Corp., IASIS Healthcare Holdings, Inc., IASIS Finance, Inc., and St. Luke's Medical Center (collectively, the "Hospital") and Dr. Schlesinger.  Plaintiffs' cases were later consolidated for discovery.  Plaintiffs alleged Dr. Schlesinger was negligent in his surgical care and the Hospital was both vicariously liable for the doctor's negligence and independently negligent in the administration of its bariatric surgery program, including its hiring, selection, and credentialing.

¶3        Plaintiffs entered into a settlement agreement with Dr. Schlesinger, which required Plaintiffs to "dismiss with prejudice the pending claims against" him and further "preclude[d] the [Plaintiffs] from pursuing claims against the [H]ospital . . . based on a theory of vicarious liability or respondeat superior," although Plaintiffs could bring "independent claims" against the Hospital.  Additionally, the agreement stated that "no past or present wrongdoing on the part of [Dr. Schlesinger] is implied or should be inferred" from the settlement agreement.  Pursuant to the agreement, Plaintiffs dismissed with prejudice all claims against Dr. Schlesinger and "any claims against any co-defendants for vicarious liability," but in their stipulation specifically reserved independent claims against the Hospital.

¶4        The Hospital moved to dismiss most of the remaining claims, arguing they were derivative of Dr. Schlesinger's negligence.  The trial court agreed and dismissed with prejudice Plaintiffs' negligent credentialing, hiring, and supervision claims, although it noted that "[a]ny independent negligence claims alleged against [the Hospital] survive the settlement with Dr. Schlesinger."

¶5        Affirming, the court of appeals stated that "[p]ursuant to both the plain terms of the settlement agreement and *Torres*, the dismissal of Plaintiffs' negligence claims against Dr. Schlesinger preclude[s] Plaintiffs from litigating [the Hospital's] alleged liability as vicariously derived from

any alleged negligence of Dr. Schlesinger." *Kopp v. Physician Grp. of Ariz.*, 2017 WL 2470826, at *3 ¶ 14 (Ariz. App. June 8, 2017) (mem. decision).

¶6 We granted review because this case presents recurring issues of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

**II.**

¶7 This case presents solely issues of law, which we review de novo. *See Frank R. v. Mother Goose Adoptions*, 243 Ariz. 111, 114-15 ¶ 17 (2017) ("Questions of law and statutory interpretation are reviewed de novo.").

**A.**

¶8 We first consider whether Plaintiffs' negligence claims against the Hospital are properly characterized as vicarious or independent. Because "the surgery is a necessary component of any of Plaintiffs' theories" of liability, the Hospital seeks to characterize Plaintiffs' claims as "derivative" and thus based on vicarious liability. Consequently, the Hospital argues that Plaintiffs' claims were properly dismissed because "[i]n cases of derivative liability, a judgment or dismissal in favor of the servant relieves the master of liability." *Chaney Bldg. Co.*, 148 Ariz. at 574; *see also DeGraff*, 62 Ariz. at 266 ("[A] verdict in favor of the servant and holding the master guilty of negligence relieves not only the servant but the master from liability."). We disagree.

¶9 Under the doctrine of respondeat superior, an employer is vicariously liable for "the negligent work-related actions of its employees." *Engler v. Gulf Interstate Eng'g, Inc.*, 230 Ariz. 55, 57 ¶ 9 (2012). Vicarious liability results solely from the principal-agent relationship: "those whose liability is only vicarious are fault free - someone else's fault is imputed to them by operation of law." *Wiggs v. City of Phoenix*, 198 Ariz. 367, 371 ¶ 13 (2000); *see also* Restatement (Second) of Agency § 217B, cmt. c (Am. Law Inst. 1958) (stating that "the liability of the [principal] cannot exist without the liability of the [agent]"). Thus, we have often used "vicarious" liability synonymously with "derivative" liability. *See e.g.*, *Chaney Bldg. Co.*, 148 Ariz. at 573-74; *Degraff*, 62 Ariz. at 264.

¶10 The Hospital and the courts below apparently reasoned that a principal's liability is "derivative" if a claim requires proof of the agent's wrongful acts. But that position conflicts with our case law, which recognizes that derivative liability is no broader than vicarious liability: a principal's liability for an agent's wrongful conduct that is imputed to the principal by operation of law. *See, e.g.*, *Wiggs*, 198 Ariz. at 371 ¶ 13. Although Plaintiffs must prove Dr. Schlesinger's negligence to establish the causation and damages elements for their claims against the Hospital, those claims are not properly characterized as vicarious liability claims. Plaintiffs do not attempt to hold otherwise faultless defendants liable for Dr. Schlesinger's negligent surgical care, but rather assert that the Hospital breached a separate duty of care in its administration of the surgery program.

¶11 Indeed, Plaintiffs' claims against the Hospital fall squarely within the type of independent negligence claims this Court has previously recognized. *See, e.g.*, *Fridena v. Evans*, 127 Ariz. 516 (1980); *Tucson Med. Ctr. v. Misevch*, 113 Ariz. 34 (1976). In *Misevch*, we explained that a hospital can be held negligent "[i]f the medical staff [is] negligent in . . . supervising its members." 113 Ariz. at 36. We recognized in *Fridena* that the "true issue" for claims of this type "is not . . . whether the hospital is vicariously liable . . . but whether the hospital should be held liable on the theory of negligent supervision." 127 Ariz. at 518. This reflects that a hospital's potential liability under a negligent supervision, credentialing, or hiring claim rests on the hospital's alleged breach of its duty to monitor the "quality of medical care furnished to patients within its walls." *Id.* at 519.

¶12 Plaintiffs' claims for negligent credentialing, hiring, and supervision are based on the Hospital's independent negligence and thus were preserved in the settlement agreement with Dr. Schlesinger, which released the Hospital only from claims based on vicarious liability. This result comports with our case law, which recognizes that "[i]f there is an independent ground for finding the principal liable, judgment can be entered against him." *Torres*, 15 Ariz. App. at 274 (quoting Restatement (Second) of Agency § 217B, cmt. d (Am. Law Inst. 1958)); *accord DeGraff*, 62 Ariz. at 266.

**B.**

¶13 The Hospital contends that even if Plaintiffs' negligence claims are based on its independent negligence, those claims are still barred

because "[a] dismissal with prejudice is an adjudication on the merits," *DeGraff*, 62 Ariz. at 269, thereby precluding Plaintiffs from litigating any claims requiring proof of Dr. Schlesinger's negligence. For that proposition the Hospital relies on the court of appeals' opinion in *Torres*. There, the plaintiff sued a hospital for two counts of negligence under both respondeat superior and negligent selection theories. 15 Ariz. App. at 273-74. The plaintiff dismissed with prejudice the claim against the co-defendant treating physician without determining his negligence. *Id.* at 274. Relying on *DeGraff*, the court of appeals held that the plaintiff was collaterally estopped from bringing the negligent selection claim because the doctor's negligence was "an essential element to [the hospital]'s liability under [the negligent supervision claim]," and the issue of the doctor's negligence had "been adjudicated in his favor by the order of dismissal." *Id.* at 274-75.

¶14          But *Torres* conflicts with our issue preclusion jurisprudence. In *Chaney Building Co.*, we explained that a dismissal with prejudice does not, on its own, trigger issue preclusion:

> Collateral estoppel or issue preclusion is applicable when the issue or fact to be litigated *was actually litigated in a previous suit*, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and *actually did litigate it*, provided such issue or fact was essential to the prior judgment.

> When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated. However, in the case of a judgment entered by confession, consent or default, none of the issues is actually litigated. A judgment entered by stipulation is called a consent judgment, and may be conclusive, with respect to one or more issues, *if the parties have entered an agreement manifesting such intention*.

148 Ariz. at 573 (emphasis added) (internal citations omitted) (citing Restatement (Second) of Judgments § 27 cmts. d, e (Am. Law Inst. 1982)). Thus, *Chaney Building Co.* abrogated *DeGraff* and *Torres* to the extent those cases suggest that a stipulated dismissal with prejudice is a judgment on

the merits for purposes of issue preclusion. (By contrast, "a judgment can be 'on the merits' for purposes of *claim* preclusion even if it results from the parties' stipulation or certain pre-trial rulings by the court." *4501 Northpoint LP v. Maricopa County*, 212 Ariz. 98, 102 (2006) (emphasis added).)

¶15 Here, issue preclusion does not apply because Plaintiffs' claim against Dr. Schlesinger was not actually litigated, nor did Plaintiffs agree that their settlement with him would preclude their independent negligence claims against the Hospital. In fact, the settlement and dismissal documents state just the opposite, expressly preserving those claims. Furthermore, the parties' agreement did not manifest an intent to conclusively establish the doctor's negligence or lack thereof – the agreement stated only that "no past or present wrongdoing on the part of [Dr. Schlesinger] is implied or should be inferred by" the settlement. Thus, Plaintiffs are not barred from bringing their claims for negligent hiring, credentialing, and supervision against the Hospital.

## III.

¶16 We vacate the court of appeals' memorandum decision, reverse the trial court's Rule 54(b) judgment dismissing Plaintiffs' independent negligence claims against the Hospital, and remand this case to the trial court for further proceedings.